**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D. Fultz,<br><br>Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | No. CV17-03122-PHX-DGC<br><br>**ORDER** |

Plaintiff has made an application to the Court for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. 19. The Commissioner opposes the motion. Doc. 21. The Court will grant the motion in part and reduce the award to exclude time spent on unsuccessful claims.

**I.  Background.**

An administrative law judge ("ALJ") denied Plaintiff's application for social security benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Doc. 20-5 at 3. That decision became the Commissioner's final decision when the Appeals Council denied review. *Id*. at 2. Plaintiff then brought an action for judicial review pursuant to 42 U.S.C. § 405(g). On July 17, 2018, the Court ruled in Plaintiff's favor and remanded the case to re-weigh the opinion of Plaintiff's treating physician. *See* Doc. 20-5 at 14.

Plaintiff's attorney, Mark Caldwell, requests $10,192.84 in attorneys' fees. *See* Doc. 22 at 10. This includes $9,088.55 for hours he and contracted attorney Robin Larkin incurred on Plaintiff's appeal (Doc. 20-2 at 3), and $1,104.29 for time spent on fee-request litigation. Doc. 22 at 10.

**II.    Legal Standard.**

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1). Under this provision, courts routinely award attorneys' fees to claimants who successfully challenge the Social Security Administration's denial of disability benefits. *See, e.g.*, *Tobeler v. Colvin*, 749 F.3d 830 (9th Cir. 2014). Where a successful claimant seeks attorneys' fees, "[i]t is the government's burden to show that its position was substantially justified," *id.* at 832, or that special circumstances make an award unjust.

**III.    Discussion.**

The Commissioner does not dispute that Plaintiff was a prevailing party in this case. Nor does the Commissioner argue that its position was substantially justified. Rather, the Commissioner argues that Plaintiff's position is unreasonable because (1) Plaintiff achieved only partial success; (2) Plaintiff's hours represent duplicative efforts by two attorneys; and (3) Plaintiff's hours contain records of excessive tasks that more experienced attorneys would not have performed. Doc. 21 at 2. The Commissioner requests that Plaintiff's fee request be reduced by fifty percent commensurate with Plaintiff's limited success in this Court. *Id*. Because the Commissioner addresses an across-the-board reduction to cover all of the argued insufficiencies in Plaintiff's fee request, the Court will address each of Commissioner's arguments before addressing any specific fee reductions.

**A.     Legal Standard.**

The United States Supreme Court has identified twelve factors to consider when evaluating the reasonableness of an attorneys' fees request:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

**B.     Degree of Success.**

The Commissioner argues that because Plaintiff raised two issues – medical evidence and credibility – but only prevailed on one, Plaintiff's fee award should be reduced because the results obtained are not commensurate with the hours involved. Doc. 21 at 4. District courts have discretion to exclude hours spent on an unsuccessful claim. *See Schwarz v. Sec. of Health & Hum. Serv*. 73 F.3d 895, 904 (9th Cir. 1995). In determining whether such an exclusion is appropriate, *Schwarz* instructs courts to apply a two-part analysis:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." If the plaintiff obtained "excellent results," full compensation may be appropriate, but if only "partial or limited success" was obtained, full compensation may be excessive. Such decisions are within the district court's discretion.

*Id.* at 904-05.

On appeal, Plaintiff asserted that three errors: (1) the ALJ erred by rejecting Plaintiff's treating physician's opinions, (2) the ALJ improperly credited opinions of the state agency reviewing physicians, and (3) the ALJ erroneously discredited Plaintiff's

symptom testimony. *See* Doc. 20-5 at 4. The Court agreed only with the first error and remanded for reconsideration of Plaintiff's treating physician's opinion.

Although Plaintiff was unsuccessful in two of her claims, they were factually and legally related to her first claim, which was successful. *Blair v. Colvin*, 619 Fed. App'x 583, 585 (9th Cir. 2015) (claims are factually related because they refer to the review of a single administrative record and legally related because all assessments are related to the single determination of Plaintiff's disability). But Plaintiff did not receive an award of benefits, and the Court limited its remand to reweighing the treating physician's opinions against Plaintiff's lack of credibility and the opinions of the state physicians. *See* Doc. 21-5 at 13. Thus, the degree of success was partial, and the Court will reduce Plaintiff's requested hours on this basis. *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) ("When a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." (internal citations and quotations omitted)). The Court will explain its reduction below.

### C. The Novelty and Difficulty of the Question.

The Commissioner argues that the issues involved in this case were not "particularly complex or novel," and therefore, Plaintiff's hours were excessive. Doc. 21 at 4. "The term 'routine' is a bit of a misnomer as social security disability cases are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence." *Costa v. Commr. of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012). Courts should not reduce requested hours based on a target number of hours for a "routine case." *Id.* at 1136. Instead, Courts should defer to the winning attorney's professional judgment, discounting hours only after providing an explanation for why the hours are too high. *Id.*; *see also Moreno*, 534 F.3d at 1112.

The Commissioner mainly objects to Plaintiff's duplicative efforts in preparing briefs for a routine, noncomplex case. Doc. 21 at 4-5. The Commissioner argues that Plaintiff's efforts were duplicitous because she used an outside contract attorney, Ms.

Larkin, to prepare the briefs and research, and her primary attorney, Mr. Caldwell, to review Ms. Larkin's work. *Id*.

The Court disagrees with labeling Plaintiff's challenges to the ALJ's interpretation of medical and symptom evidence as routine. Analyzing these legal issues requires an individualized fact-intensive application of an extensive administrative record that is hardly routine.

The Court also disagrees that counsel's records show duplicative effort. Plaintiff requested a total of 45.3 hours, which is just slightly outside of the normal 20-40 hours expected for a case of this nature. *See Costa*, 690 F.3d at 1137; *Stevens v. Astrue*, No. CV11-01978-PHX-DGC, 2012 WL 5877988, at *2 (D. Ariz. Nov. 20, 2012). Most of Ms. Larkin's records involve medical research and preparation of the opening brief, and most of Mr. Caldwell's records involve reviewing the opening and response briefs to prepare Plaintiff's reply brief. *See* Doc. 20-2 at 2-3. The entries demonstrate that the attorneys worked on different filings. Mr. Caldwell's limited entries reflecting edits and review of the opening brief would not constitute unnecessary, duplicative work. *See Lopez-Valenzuela*, No. CV-08-00660-PHX-SRB, 2015 WL 12811366, at *4 (D. Ariz. June 25, 2015) (no duplicative effort where one attorney drafts a document and one attorney reviews or edits it); *see also Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286-87 (9th Cir. 2004) ("Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort.").

The Court will not further reduce Plaintiff's requested fees on this basis.

**D.     Preparation of Unnecessary Glossaries.**

In addressing the third and ninth *Hensley* factors, the Commissioner argues that Plaintiff's attorney billed for the preparation of unnecessary glossaries, extensive medical research, and excessively long briefs. Doc. 21 at 5. The Commissioner argues an experienced attorney would not have needed time to perform this research and prepare these glossaries. *Id*. at n.3.

The Commissioner's argument on this point is unclear because it does not explain why an experienced attorney would not need this time or these documents. Further, the Commissioner argues that the glossaries are excessive because they exceed the page limit set by the courts. Doc. 21 at 5. But medical glossaries are common attachments in social security cases, and, absent more explanation, the Court does not agree that the glossary was unreasonable or excessive.

Although the district court should exclude hours that are not "reasonably expended" due to an attorney's inexperience, the Court does not find that the hours expended in this case on medical research and preparing the glossary qualify. *Hensley*, 461 U.S. at 434, 439 n.13. The Court will not reduce Plaintiff's fee request on this basis.

### D. Reduction of Fee.

The Commissioner argues that the Court should award Plaintiff's counsel only fifty percent of the requested fees, or $4,500, because of unsuccessful arguments and the complexity of the case. *See* Doc. 21 at 6. The Court views this as too severe a reduction. Although counsel devoted considerable time to arguments that did not prevail, counsel engaged in a thorough and detailed analysis of Plaintiff's complicated medical conditions, an analysis that bore on the Court's review of Plaintiff's condition and the treating physician's opinion. Because the Court finds some Plaintiff achieved only partial success, the Court will reduce the requested fee amount by 25%.

Plaintiff's counsel requests fees of $10,192.84 in his reply brief. Doc. 22 at 10. Reducing this amount by 25%, the Court will award fees of $7,644.63.

**IT IS ORDERED** that Plaintiff's motion for attorney's fees under EAJA (Doc. 20) is **granted in part**, and Plaintiff shall be awarded **$7,644.63** under EAJA.

Dated this 10th day of January, 2019.

David G. Campbell
Senior United States District Judge