**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise F.,<br><br>Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill, Acting Commissioner of the Social Security Administration,<br><br>Defendant. | No. CV17-03122-PHX-DGC<br><br>**ORDER** |

Before the Court is Plaintiff's motion for reconsideration of the Court's award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). Docs. 24, 23.

Following remand of Plaintiff's social security appeal, Plaintiff's attorney requested $10,192.84 in attorneys' fees. Doc. 22 at 10. The Court awarded fees but reduced the amount to $7,644.63, finding Plaintiff succeeded on only one of her arguments and the Court limited Plaintiff's remand to reweighing the opinions of an improperly discredited physician. Doc. 23 at 4. Plaintiff argues that this decision was erroneous because her remand is not limited and will instead allow her to present the unsuccessful arguments, as well as new testimony and medical evidence, in a new hearing. Doc. 24 at 3.

Plaintiff cites the Hearings, Appeals and Litigation Law Manual for the Social Security Administration, which states: "If the Appeals Council [] remands a case to the hearing level after a court remand, it generally vacates the entire administrative law judge (ALJ) decision, and the ALJ must consider all pertinent issues de novo." *See* HALLEX I-

2-8-18 (S.S.A.) 1993 WL 643058. But this provision does not support Plaintiff's broad assertion that every federal court remand leads to a de novo review by an ALJ. Indeed, social security regulations indicate that remand procedures vary depending on the post-remand acts and instructions of the Appeals Council. *See* 20 C.F.R. § 416.1483 (on remand from a federal court, the Appeals Council may either make a decision or remand the case to an ALJ with further instruction); *Id*. § 416.1477 (An ALJ must "take any action ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order.").

Further, Plaintiff's reading of the remand procedure would mean that it is never proper for a district court to discount fees for unsuccessful arguments. Because every case would be subject to a de novo hearing, every case would require a full award of fees, even if the claimant prevailed only on one of many arguments made in the district court. This is clearly inconsistent with the Court's EAJA analysis.

Plaintiff also argues that her remand can be distinguished from the limited remand in *Blair*. In *Blair v. Colvin*, 619 F. App'x 583 (9th Cir. 2015), the Ninth Circuit upheld a reduction in attorneys' fees, finding a plaintiff was only partially successful when she received a federal court remand that was limited to "reassessing several consultants' positions regarding [the plaintiff's] ability to persist and handle workplace stress." *Id*. at 585. Plaintiff argues that her remand is not limited to reconsideration of the treating physician's opinions but was remanded for further proceedings on "these issues." Doc. 24 at 3.

The Court's remand stated:

> Applying step two of the Ninth Circuit's test, the Court concludes that outstanding issues must be resolved before a disability determination can be made. The ALJ properly discredited Plaintiff's testimony regarding her own limitations, and Plaintiff has not provided a basis for finding error in the ALJ's reliance on the opinions of non-examining physicians. But the ALJ did err in discrediting [the treating physician's] opinions, which creates an unresolved outstanding issue: how should that opinion be weighed against the lack of credibility in Plaintiff's disability testimony and the opinions of

> the other physicians? The Court concludes that further proceedings on these issues would be useful[] and will remand for such proceedings.

Doc. 17 at 13. The Court clearly instructed the ALJ to reweigh the improperly credited treating physician's opinions against the properly credited evidence. The Court's order does not suggest de novo review or a new hearing and review of the unsuccessful arguments.

Plaintiff argues that no cases citing *Blair* have reduced EAJA fees based on limited success. Doc. 24 at 4. The Court has reviewed Plaintiff's citations but finds none instructive. Measuring the degree of relief obtained by a Plaintiff is a case-specific determination to be made at the discretion of the district court. *See Thomas v. City of Tacoma*, 410 F.3d 644, 649-50 (9th Cir. 2005). It must factor in the relationship between the amount of the fee award and the results obtained. *Hensely v. Eckerhart*, 461 U.S. 424, 437 (1983). Here the Court considered all the relevant factors and determined that the fee award should be reduced. This was not error.

**IT IS ORDERED** that Plaintiff's motion for reconsideration is **denied**.

Dated this 30th day of January, 2019.

*David G. Campbell*
David G. Campbell
Senior United States District Judge